Requestor: Anthony M. Cerreto, Esq., Assistant Corporation Counsel City of Mount Vernon City Hall Roosevelt Square Mount Vernon, N Y 10550
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a city may indemnify civilian policy-making officials in the police department, such as the police commissioner and his deputy, for an award of punitive damages in a Federal 1983 civil rights action.
Under section 50-j of the General Municipal Law, every city, county, town and village is liable for any negligent act or tort of a police officer provided that the officer acted in the performance of his duties and within the scope of his employment. General Municipal Law § 50-j(1). Additionally, a local government in its discretion may provide for the defense and indemnification of a police officer in any civil action or proceeding seeking punitive or exemplary damages arising out of a negligent act or tort of the police officer committed while in the proper discharge of his duties and within the scope of his employment. Id., § 50-j(6)(a).
Thus, section 50-j provides for defense and indemnification of "police officers". It seems clear that the term "police officer" is a term of art under State law referring to a law enforcement officer with a specific delegation of powers, duties and responsibilities under State law. See,
1982 Op Atty Gen (Inf) 223; 1980 Op Atty Gen (Inf) 271. We believe that the use of the term "police officer" in section 50-j must be given its plain meaning under State law. Therefore, it is our view that section 50-j does not cover civilian employees in the police department who do not possess police officer status.
You have noted that the city has adopted the provisions of section18 of the Public Officers Law. Section 18 authorizes and establishes the procedure for defense and indemnification of local government officers and employees. Section 18, however, excludes from its coverage indemnification of an employee for punitive or exemplary damages. Public Officers Law § 18(4)(c).
Thus, defense and indemnification of civilian employees of the police department for punitive damages is not authorized by section 50-j
of the General Municipal Law nor by section 18 of the Public Officers Law.
In a prior opinion of this office, however, we have found that a municipality may enact a local law which supplements the provisions of section 18 or section 50-j of the General Municipal Law. 1988 Op Atty Gen (Inf) 44. We believe that a local government by local law may provide for defense and indemnification for punitive damages of a civilian employee of the police department. The local law may provide for defense and indemnification only with respect to negligent acts or torts committed by the employee while in the proper discharge of his duties and within the scope of his employment. Ibid.; see, General Municipal Law § 50-j(6)(a).
We note also that local legislation authorizing defense and indemnification, whether enacted under section 18 of the Public Officers Law or utilizing home rule authority, must be wholly prospective in its operation. Op Atty Gen (Inf) No. 91-4. The provision of legal defense or reimbursement of defense costs may only apply to legal defense expenses incurred subsequent to enactment of a local law, or resolution applying the provisions of section 18 of the Public Officers Law. Ibid.
We conclude that section 50-j of the General Municipal Law authorizes the enactment of local legislation providing for defense and indemnification of police officers for punitive damages. A local government by local law may provide for the defense and indemnification of civilian employees of the police department for punitive damages provided that the employee was acting within the scope of his employment at the time of the negligent act or tort.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.